UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SUZANNE DENISE CLARK, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00940 |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Suzanne Denise Clark, a Tennessee resident, filed a pro se Complaint for Review of a Social Security Disability or Supplemental Income Decision. (Doc. No. 1). She also filed an application to proceed without prepaying fees or costs. (Doc. No. 2). Because the information Clark provided sufficiently indicates that she cannot pay the full civil filing fee in advance without "undue hardship," Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a). Accordingly, the Complaint is before the Court for initial review.

I.  Legal Standards

The Court is required to liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the Court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020,

at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Clark and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court considers whether the factual allegations "plausibly suggest an entitlement to relief," Williams v. Curtin, 631 F.3d 380, 383 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept unwarranted factual inferences, DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007), or credit "legal conclusions masquerading as factual allegations." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

II.     Factual Allegations

Liberally construed, the Complaint alleges that Clark is disabled due to brain damage suffered earlier in life; attended "special schools"; has "never been able to work" due to ongoing disability; and is "always alone [because] nobody wants to be around [her]." (Doc. No. 1 at 4). Clark alleges that she was awarded a disability benefit in the past, but she "lost it" when "unable to see a doctor" while incarcerated. (Id. at 3). Clark claims that, upon reapplying for benefits, she "wasn't treated fairly." (Id.) First, Clark alleges that the Social Security Administration ("SSA") administrative law judge ("ALJ") conducted a telephonic hearing that denied Clark the opportunity to participate and personally demonstrate the disabling effects of brain damage. (Id. at 3-4). Clark believes she was "cheated," and she "[doesn't] even feel like [she] got to be part of her own [case]." (Id. at 4.) Second, Clark alleges "legal error[s]," including that the ALJ ignored evidence offered

by the vocational expert ("VE"), who testified, based on thirty years of experience, that Clark could not "ever work one of the jobs." (Id. at 3).

On December 11, 2020, the ALJ denied Clark's reapplication for benefits. (Id.; Doc. No. 1-1 at 1). Clark lacked resources to see a doctor in any further attempt to "be heard." (Doc. No. 1 at 3). On October 20, 2021, the SSA Appeals Council denied Clark's request for review without opinion, making the ALJ's decision final. (Doc. No. 1-1).

III.  Analysis

Clark's allegations reflect that she is asserting two colorable claims. First, Clark states a due process claim that she was treated unfairly during a telephonic administrative law hearing. The principles of due process "apply to Social Security proceedings," Robinson v. Barnhart, 124 F. App'x 405, 410 (6th Cir. 2005) (citing Perales v. Richardson, 402 U.S. 389, 401-02 (1971)), and due process requires that "a social security hearing be 'full and fair.'" Flatford v. Chater, 93 F.3d 1296, 1303 (6th Cir. 1996) (quoting Perales, 402 U.S. at 401-02). For this claim, the Court considers three factors: "'1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" Id. at 1305-06 (quoting Mathews v. Eldridge, 424 U.S. 319, 334 (1996)).

Under the first element, Clark adequately alleges a "private interest" in "a fair determination of [her] qualification (or lack thereof) for social security disability benefits and a meaningful opportunity to present her case." Adams v. Massanari, 55 F. App'x 279, 286 (6th Cir. 2003) (quoting Flatford, 93 F.3d at 1306). Under step two, Clark sufficiently alleges that the ALJ's

hearing procedure created an unreasonable risk of an erroneous deprivation of benefits because Clark could not effectively demonstrate the disabling effects of brain damage by telephone. See Adams, 55 F. App'x at 279 (explaining that the second factor concerns whether the procedures deprived the claimant of an "interest in the fair determination of her eligibility for benefits"). The third factor – the Government's interest – cannot be fully considered until a later juncture. On balance, however, Clark plausibly alleges that she is entitled to relief for a violation of due process. This claim may therefore proceed for further development.

Second, Clark's allegation that the ALJ ignored the VE's testimony states a claim that the ALJ's decision is not supported by substantial evidence. See Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 714 (6th Cir. 2012). "[T]he ALJ's findings are conclusive as long as they are supported by substantial evidence."[1] Foster, 279 F.3d at 353 (citation omitted). VE testimony in response to a hypothetical that accurately describes a claimant's condition or impairments constitutes substantial evidence regarding whether or not the claimant "has the vocational qualifications to perform specific jobs." Dyer v. Soc. Sec. Admin., 568 F. App'x 422, 428-29 (6th Cir. 2014) (citing Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001)); see also Gibbens v. Comm'r of Soc. Sec., 659 F. App'x 238, 249 (6th Cir. 2016) (explaining that a VE's answers to questions that "accurately portray the claimant's individual physical and mental impairments" are substantial evidence) (quoting Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 238 (6th Cir. 2002) (cleaned up)).

The Complaint alleges that the ALJ denied Clark benefits after receiving and ignoring the VE's testimony that Clark was unable to perform any job due to her disability. At this early stage,

---

[1] "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001) (citing Kirk v. HHS, 667 F.2d 524, 535 (6th Cir. 1981)). If a determination is supported by substantial evidence, it must stand regardless of whether a court might have resolved the disputed issues differently in the first instance. Karger v. Comm'r of Soc. Sec., 414 F. App'x 739, 750 (6th Cir. 2011) (citing Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854-55 (6th Cir. 2010)).

the Court is not yet in a position to consider other substantial evidence in the full administrative record. However, for purposes of initial review, Clark plausibly alleges that the ALJ's failure to give any weight to the VE's compelling evidence resulted in a determination that was not supported by substantial evidence. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009) (concluding that ALJ's determination was not entitled to substantial weight because the ALJ had discounted a VE's testimony that the claimant was unable to perform jobs for medical reasons). This claim may also advance.

IV. Conclusion

Accordingly, the Court concludes that the Complaint states colorable claims for review of SSA's adverse benefits decision. The Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk of Court is directed to **ISSUE PROCESS** to the United States Attorney for this district, the Social Security Administration, and the United States Attorney General, and to **SERVE** Defendant Social Security Administration in accordance with Rules 4(c)(3) and 4(i), as applicable, of the Federal Rules of Civil Procedure.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

Clark is cautioned that she must keep the Court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. See Fed. R. Civ. P.

41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. <u>See</u> https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

    IT IS SO ORDERED.

```
_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE
```