UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUZANNE DENISE CLARK,<br><br>　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | Case No. 3:21-cv-00940<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Pro se Plaintiff Suzanne Denise Clark has not complied with the Court's orders to file a motion for judgment on the administrative record (Doc. Nos. 13, 15) in this social security benefits appeal brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) (Doc. No. 1). The Court ordered Clark to show cause by September 29, 2022, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for Clark's failure to prosecute her claims. (Doc. No. 15.) The Court also ordered Clark to file a motion for judgment on the administrative record with her response. (*Id.*) Clark has not responded to the Court's show-cause order and has not filed a motion for judgment on the administrative record. Because it appears that Clark has abandoned her claims, and for the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b).

I.　　**Factual and Procedural Background**

Clark filed a pro se complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) asking the Court to review the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and supplemental security income under Titles II and

XVI of the Social Security Act. (Doc. No. 1.) The Court granted Clark's application to proceed *in forma pauperis* (Doc. No. 5) and, after the Commissioner appeared and filed an answer (Doc. No. 11) and a copy of the administrative record (Doc. No. 12), the Court ordered Clark to file a motion for judgment on the administrative record by April 26, 2022 (Doc. No. 13). Clark did not do so. On June 15, 2022, Clark called the Clerk's Office, stated that she had not received the Court's order, and requested another copy. The Clerk's Office verified Clark's mailing address and sent her another copy of the Court's order.

On September 15, 2022, the Court found that Clark still had not filed a motion for judgment on the administrative record and ordered her to show cause by September 29, 2022, why the Magistrate Judge should not recommend that the Court dismiss this action under Rule 41(b) for Clark's failure to prosecute her claims. (Doc. No. 15.) The Court ordered Clark to file a motion for judgment on the administrative record with her response to the show-cause order. (*Id.*) The docket reflects that Clark has not responded to the Court's show-cause order, has not filed a motion for judgment on the administrative record, and has not taken any other action in this case.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid

unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

3

Case 3:21-cv-00940   Document 16   Filed 10/20/22   Page 3 of 6 PageID #: 551

**III.      Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Clark.

**A.      Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Clark's failure to file a motion for judgment on the administrative record and failure to respond to the Court's show-cause order. Nevertheless, Clark's inaction reflects willfulness and fault for purposes of Rule 41(b). *See Delgado v. Saul*, No. 3:19-cv-00951, 2020 WL 2512824, at *2 (M.D. Tenn. May 15, 2020) (finding that pro se plaintiff's failure to file motion for judgment on administrative record and failure to respond to show-cause order indicated willfulness and fault under Rule 41(b)), *report and recommendation adopted by* 2020 WL 4539174 (M.D. Tenn. Aug. 6, 2020); *Lannom v. Soc. Sec. Admin.*, No. 1:18-cv-00069, 2019 WL 5101168, at *2 (M.D. Tenn. Oct. 11, 2019) (same), *report and recommendation adopted by* 2020 WL 70941 (M.D. Tenn. Jan. 7, 2020). This factor therefore weighs in favor of dismissal.

**B.      Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*,

4

Case 3:21-cv-00940    Document 16    Filed 10/20/22    Page 4 of 6 PageID #: 552

*Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the Commissioner has answered Clark's complaint and filed the administrative record. (Doc. Nos. 11, 12.) These steps are typical of the early stages of social security litigation and were not necessitated by Clark's delay. *See Schafer*, 529 F.3d at 739; *see also Delgado*, 2020 WL 2512824, at *2; *Lannom*, 2019 WL 5101168, at *2. It therefore cannot be said that the Commissioner has wasted substantial time, money, or effort due to a lack of cooperation by Clark, and this factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Clark that failure to comply with its show-cause order would likely result in a recommendation that this action be dismissed. (Doc. No. 15.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 21st day of October, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge